IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD ROY NEWSOME, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0180 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On June 14, 2010, petitioner filed with the United States District Court for the Eastern District of Texas, Beaumont Division, a form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. As respondents, petitioner originally listed Dr. Uy, Captain Fuller, Ms. S. Tenorio, N.P., Ms. Chavez and Ms. Skinner. By his habeas application, petitioner requests to "consolidate appeals 42 U.S.C. § 1983." Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to a November 14, 1986 conviction for the offense of unauthorized use of a motor vehicle out of Harris County, Texas, and the resultant 39-year sentence. On July 1, 2010, the Beaumont Division court, lacking jurisdiction, transferred the petition to this Court. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

# I.
## PETITIONER'S ALLEGATIONS

Petitioner indicates he is challenging disciplinary proceeding Nos. 2010124821 and 2010134759.[1] In response to the question directing petitioner to identify the TDCJ Unit where he was found guilty of the disciplinary violation, petitioner states "subpoena for attached conspiracy of notice of appeal." In response to the question directing petitioner to identify the punishment imposed by the disciplinary proceeding, petitioner states simply "subpoena." Petitioner does not identify any dates for appealing these purported disciplinary rulings through the TDCJ grievance procedure, nor does he attach any documentation from the disciplinary cases. As his sole ground, petitioner argues:

> "Conspiracy in leave to file discrimination with motion to file for a stay and bond."

As supporting facts of this ground, petitioner states:

> "Conspiracy w[ith] leave to file discrimination against negligence, use of force, retaliation, life endangerment, false imprisonment from prison officials' misconduct has caused irreparable harm against physical and emotional injuries from deliberate indifference. Request for punitive damage on remand."

Petitioner includes the following additional isolated statements:

> "life endangerment and use of force by Bill Clements officials and medical staff";

> "deliberate indifference to prisoner's serious medical needs constitutes cruel and unusual punishment";

> "prison officials violate 8th Amendment by failing to provide disabled inmate with needed physical therapy and adequate access to facilities";

> "defendants conspired and changed my medical record to work the plaintiff Newsome against his impairment from surgery."

The attachment to petitioner's habeas application is, for the most part, unintelligible.

---

[1] Petitioner, however, attaches a copy of a Step 1 grievance form completed in Case No. 20100144264 on January 22, 2010.

## II.
## 28 U.S.C. § 2254 v. 42 U.S.C. § 1983

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499.

Here, to the extent the Court can decipher his allegations, petitioner appears to be challenging an aspect of his confinement. Such claims are not cognizable in a federal habeas corpus action. As petitioner's claims are not cognizable in a federal habeas corpus action, the petition should be dismissed.[2]

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner EDWARD ROY NEWSOME be DISMISSED.

---

[2] The undersigned further notes that because of his malicious litigation history, petitioner has been barred from filing any further civil rights actions in the Southern District and is precluded from proceeding *in forma pauperis* unless he can demonstrate he is in imminent danger of physical harm. *See In re Preclusion Order*, No. 4:04-MC-0366. Here, petitioner has not provided a data sheet to support his request to proceed *in forma pauperis*. Further, as noted above, petitioner's claims are largely uncomprehensible and border on frivolous.

# IV.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of August, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).